UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
YISROEL KATZOFF
on behalf of himself and
all other similarly situated consumers

                              Plaintiff,

       -against-


TENAGLIA & HUNT, P.A.

                          Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Yisroel Katzoff seeks redress for the illegal practices of Tenaglia & Hunt, P.A., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Rochelle Park, New Jersey.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Yisroel Katzoff*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about September 3, 2019, Defendant sent the Plaintiff a collection letter.

11. Upon information and belief, the said September 3, 2019 letter was Defendant's initial communication with the Plaintiff.

12. The letter was sent to the Plaintiff regarding an alleged debt purportedly owed to Citibank.

13. The Plaintiff, Yisroel Katzoff, had a judgment filed against him in 2012 by the firm Peter T. Roach & Associates, P.C. on behalf of Citibank.

14. That judgment was vacated on March 21, 2013. (see attached exhibit)

15. The Defendant, Tenaglia & Hunt, P.A. had subsequently taken charge of the said account from Peter Roach.

16. At the time of its mailing of the September 3, 2019 letter, the Defendant was aware that the Plaintiff was being represented by counsel.

17. The Defendant also contacted the Plaintiff via telephone on or about October 10, 2019, and reminded him that there had been a judgment against him on the said matter.

18. The Defendant was therefore well aware that the Plaintiff was represented by an attorney.

19. Defendant nevertheless continued in its attempts to collect on the alleged debt by contacting the Plaintiff directly.

20. Section 1692b of the FDCPA provides:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –
>
> (6) After the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to the communication from the debt collector.

21. Section 1692c of the FDCPA provides:

> (a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

22. Defendant's conduct aggravated and harassed the Plaintiff since he did not wish to be contacted directly.

23. Upon information and belief, Defendant has repeatedly engaged in similar harassing conduct.

24. The Defendant knew or should have known that its actions violated the FDCPA.

25. Defendant violated 15 U.S.C. §§ 1692b(6) and 1692c(a)(2) for communicating with the Plaintiff when Defendant had the knowledge that Plaintiff was represented by an attorney.

26. Since the judgment had being vacated back in 2012, the Defendant, by communicating with the Plaintiff, knowingly misrepresented the legal status of the said debt.

27. The balance that Defendant was seeking to collect was non-existent; Defendant made Plaintiff believe that he in fact owed such an amount to Citibank when it was not the case.[1]

28. The Defendant deceptively engaged in the collection of an invalid debt.

29. The debt was time-barred as the statute of limitations had expired on the said debt.

30. It is part of the Defendant's pattern and practice to send and cause the sending of letters such as the September 3, 2019 letter, that seek to collect time-bared debts and do not disclose that the debts are in fact time barred, and therefore, legally unenforceable.

31. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10) of the FDCPA for the false representation of the character, amount, or legal status of the debt.

32. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

33. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

34. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

35. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

36. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

---

[1] Vangorden v. Second Round, L.P., 897 F.3d 433 (2d Cir. 2018). Consumer stated a claim under §§ 1692e(2), 1692e(10), and 1692f(1) when she alleged that a collection letter falsely stated that she owed a debt and then requested payment on the alleged debt. Rejecting an argument by the collector that § 1692g shielded it from liability, the Second Circuit held that "nothing in the text of the FDCPA suggests that a debtor's ability to state a § 1692e or § 1692f claim is dependent upon the debtor first disputing the validity of the debt in accordance with § 1692g." Finally, the court concluded that a letter misstating "the very existence" of a debt can mislead the least sophisticated consumer regardless of the intent of the collector.

37. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

38. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

39. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

40. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

41. Plaintiff re-states, re-alleges and incorporates herein by reference, paragraphs one (1) through one forty (40) as if set forth fully in this cause of action.

42. This cause of action is brought on behalf of Plaintiff and the members of two classes.

43. Class A consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to Plaintiff on or about September 3, 2019; and (a) the collection letter was

sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts the Defendant violated 15 U.S.C. §§ 1692b(6) and 1692c(a)(2) for communicating with Plaintiff though Defendants had the knowledge that Plaintiff was represented by an attorney.

44. Class B consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to Plaintiff on or about September 3, 2019; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts the Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10) of the FDCPA for the false representation of the character, amount, or legal status of the debt.

45. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. The class is so numerous that joinder of all members is impracticable, though the precise number of class members may be known only to the Defendant. Plaintiff estimates that each class has thousands of members

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

        D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

        E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

46. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

47. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

48. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

49. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

50. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
January 9, 2020

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)



**TENAGLIA & HUNT**
Law. Differently.

Please send all mail to our New Jersey address

395 West Passaic Street | Suite 205
Rochelle Park, New Jersey 07662
201.820.6001 Main | 201.226.0795 Fax
201.820.6011 TTY | 866.723.0578 Toll Free
www.tenagliahunt.com

September 3, 2019

Yisroel M Katzoff

Creditor: Citibank, N.A.
Account number ending: 4298
Product Type: CITI MASTERCARD
Balance amount: $16,423.10
Firm file number: CIT22940

Dear Yisroel M Katzoff

Our law firm represents Citibank, N.A., and has been asked to contact you regarding the unpaid balance on the above referenced account. Your current unpaid balance is $16,423.10.

Citibank, N.A. has a range of payment options that may be available to assist you. Our law firm is committed to working with you to try to identify a solution to resolve your balance. If you have any questions or wish to discuss payment arrangements, please call our firm toll free at (866) 723-0578, Extension 117 to speak with Christopher DeSouza.

Please make all payments payable to Citibank, N.A. Payments may be mailed to our law firm at 395 W Passaic St. Ste 205, Rochelle Park, NJ 07662.

Please read the following provided to you pursuant to the federal statute:

Important Notice: This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Unless, within thirty (30) days after receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within thirty (30) days of your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt or, if the debt is founded upon a judgment, a copy of the judgment, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within thirty (30) days of the receipt of this notice, we will provide you with the name and address of the original creditor.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i) the use or threat of violence;

(ii) the use of obscene or profane language; and

(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

Very truly yours,

TENAGLIA & HUNT, P.A

Thomas Fugnitti
For the firm

**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

CIVIL COURT OF THE CITY OF NEW YORK  
COUNTY OF KINGS

Court Index No. 084522/11

-----------------------------------------------------------X

CITIBANK, N.A.

                                Plaintiff,

**STIPULATION**

        -against-

YISROEL M KATZOFF

                             Defendant(s),

-----------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the plaintiff and the defendant, that the Judgment entered in this matter by the Clerk of the Court on May 2, 2012 in the amount of $16,423.10 is hereby vacated on consent of both parties.

The defendant shall have 20 days in which to file its answer to the summons and complaint. Defendant hereby consents to the jurisdiction of the court.

It is further stipulated that a facsimile copy of this Stipulation shall be deemed an original by the court.

DATED: SYOSSET, NEW YORK  
          March 21, 2013

PETER T ROACH & ASSOCIATES, P.C.  
Attorneys for Plaintiff

By: _____  
TIMOTHY J MURTHA  
125 Michael Drive, Suite 105  
Syosset, New York 11791

By: _____  
YISROEL M KATZOFF

11-01466