UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
YISROEL KATZOFF on behalf of himself
and all other similarly situated consumers

                        Plaintiff,         Case No. 20-cv-00181(MKB)(LB)

    -against-

                               **ANSWER**

TENAGLIA & HUNT, P.A.,

                        Defendant.
-------------------------------------------------------X

The Defendant, Tenaglia & Hunt, P.A. (hereinafter, "Tenaglia"), by and through its attorneys, Winget Spadafora & Schwartzberg, LLP, as and for its Answer to the Plaintiff's Complaint (hereinafter, the "Complaint") alleges as follows:

1. Denies the allegations contained in Paragraph "1" of the Complaint and respectfully refers all questions of law to the Court.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "2" of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "3" of the Complaint and refers all questions of law to the Court.

4. Denies the allegations contained in Paragraph "4" of the Complaint except admits that defendant is a law firm with offices located in Rochelle Park, New Jersey.

5. Paragraph "5" of the Complaint contains a legal conclusion to which no response is required.

6. Paragraph "6" of the Complaint contains a legal conclusion to which no response is required.

7. Paragraph "7" of the Complaint contains a legal conclusion to which no response is required.

8. Paragraph "8" of the Complaint contains a legal conclusion to which no response is required.

9. Denies the allegations contained in Paragraph "9" of the Complaint and respectfully refers all questions of law to the Court.

10. Denies the allegations contained in Paragraph "10" of the Complaint, except admits that Plaintiff cites to a letter dated September 3, 2019 and respectfully refers the Court to that letter for its language, intent and legal meaning.

11. Denies the allegations contained in Paragraph "11" of the Complaint, except admits that Plaintiff cites to a letter dated September 3, 2019 and respectfully refers the Court to that letter for its language, intent and legal meaning.

12. Denies the allegations contained in Paragraph "13" of the Complaint, except admits that Plaintiff cites to a letter dated September 3, 2019 and respectfully refers the Court to that letter for its language, intent and legal meaning.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "14" of the Complaint, except admits that Plaintiff attaches a March 21, 2013 stipulation to the Complaint and respectfully refers the Court to that stipulation for its language, intent and legal meaning.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "14" of the Complaint, except admits that Plaintiff attaches to the Complaint a purported vacatur of judgment and respectfully refers the court to that attachment for its language, intent and legal meaning.

15. Denies the allegations contained in Paragraph "15" of the Complaint and refers all questions of law to the Court.

16. Denies the allegations contained in Paragraph "16" of the Complaint.

17. Denies the allegations contained in Paragraph "17" of the Complaint.

18. Denies the allegations contained in Paragraph "18" of the Complaint.

19. Denies the allegations contained in Paragraph "19" of the Complaint and respectfully refers all questions of law to the Court.

20. Paragraph "20" of the Complaint contains a legal conclusion to which no response is required.

21. Paragraph "21" of the Complaint contains a legal conclusion to which no response is required.

22. Denies the allegations contained in Paragraph "22" of the Complaint.

23. Denies the allegations contained in Paragraph "23" of the Complaint.

24. Denies the allegations contained in Paragraph "24" of the Complaint.

25. Denies the allegations contained in Paragraph "25" of the Complaint.

26. Denies the allegations contained in Paragraph "26" of the Complaint.

27. Denies the allegations contained in Paragraph "27" of the Complaint.

28. Denies the allegations contained in Paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "29" of the Complaint.

30. Denies the allegations contained in Paragraph "30" of the Complaint.

31. Denies the allegations contained in Paragraph "31" of the Complaint.

32. Denies the allegations contained in Paragraph "32" of the Complaint and refers all questions of law to the Court.

33. Denies the allegations contained in Paragraph "33" of the Complaint and refers all questions of law to the Court.

34. Denies the allegations contained in Paragraph "34" of the Complaint and refers all questions of law to the Court.

35. Denies the allegations contained in Paragraph "35" of the Complaint and refers all questions of law to the Court.

36. Denies the allegations contained in Paragraph "36" of the Complaint and refers all questions of law to the Court.

37. Denies the allegations contained in Paragraph "37" of the Complaint and refers all questions of law to the Court.

38. Denies the allegations contained in Paragraph "38" of the Complaint and refers all questions of law to the Court.

39. Denies the allegations contained in Paragraph "39" of the Complaint and refers all questions of law to the Court.

40. Denies the allegations contained in Paragraph "40" of the Complaint and refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

41. Tenaglia repeats and realleges its responses to Paragraphs "1" to "40" of the Complaint as if fully set forth herein.

42. Paragraph "42" of the Complaint contains a legal conclusion to which no response is required.

43. Paragraph "43" of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Tenaglia denies all allegations of wrongdoing.

44. Paragraph "44" of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Tenaglia denies all allegations of wrongdoing.

45. Paragraph "45" of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Tenaglia denies all allegations of wrongdoing and refers all questions of law to the Court.

46. Paragraph "46" of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Tenaglia denies all allegations of wrongdoing and refers all questions of law to the Court.

47. Paragraph "47" of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Tenaglia denies all allegations of wrongdoing and refers all questions of law to the Court.

48. Paragraph "48" of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Tenaglia denies all allegations of wrongdoing and refers all questions of law to the Court.

49. Denies the allegations contained in Paragraph "49" of the Complaint.

50. Denies the allegations contained in Paragraph "50" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to set forth a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed to establish a violation of the FDCPA and, therefore, is not entitled to attorneys' fees or costs.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are time-barred and/or precluded by virtue of the expiration of the relevant Statute of Limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages as alleged in the Complaint, all of which is expressly denied, then such damages were caused by the culpable conduct, fault, and/or negligence of other persons and/or entities over which Tenaglia had no control, with no act or omission on the part of Tenaglia contributing thereto.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The damages alleged to have been suffered by the Plaintiff were caused in whole or in part by conduct of persons and/or entities other than Tenaglia. Therefore, the Plaintiff's claims are barred or diminished in the proportion that such culpable conduct of other persons or entities bears to the total culpable conduct causing damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

If the Plaintiff sustained any damages as alleged in the Complaint, all of which is expressly denied, then such damages were caused, either in whole or in part, by the Plaintiff's own culpable conduct, fault, and/or negligence, and any recovery herein shall be diminished accordingly in whole or in part.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff has sustained damages, the Plaintiff has failed to mitigate those damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Tenaglia substantially complied in good faith with applicable provisions of the FDCPA and is entitled to each and every defense afforded to it by that statute. If, Tenaglia committed any violation of the FDCPA (which is denied) said violation is a trivial and unintentional violation of the FDCPA which resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited as he sustained no actual damages or concrete harm.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Tenaglia reserves its right to amend this Answer by asserting defenses which future investigation may reveal to be appropriate.

**WHEREFORE**, the Defendant, Tenaglia & Hunt, P.A., demands judgment dismissing the Plaintiff's Complaint, for costs and disbursements of this action, including attorneys' fees, and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
March 10, 2020

>WINGET, SPADAFORA & SCHWARTZBERG, LLP
>*Attorneys for Defendant*
>Tenaglia & Hunt, P.A.
>
>By: /s/ *Matthew Tracy*
>Matthew Tracy, Esq.
>45 Broadway, 32nd Floor
>New York, New York 10006
>(212) 221-6900